SEALED

DISTRICT OF OREGON, ss:  AFFIDAVIT OF JULIE PEAY  3:25-mj-00337

**Affidavit in Support of a Criminal Complaint and Arrest Warrant**

I, Julie Peay, being duly sworn, do hereby depose and state as follows:

**Introduction and Agent Background**

1.  I am a Special Agent (SA) with the United States Department of Homeland Security, Immigration and Customs Enforcement/Homeland Security Investigations (HSI), in Portland, Oregon.  HSI is responsible for enforcing the customs laws, immigration laws, and federal criminal statutes of the United States.  I am a law enforcement officer of the United States, and I am authorized by law to conduct investigations and to make arrests for felony offenses. I have been a federal law enforcement officer for over 25 years.

2.  I submit this affidavit in support of a criminal complaint and arrest warrant for ALVARO CARRILLO, for Assault on a Federal Officer in violation of 18 U.S.C. § 111(a)(1) and (b).  As set forth below, there is probable cause to believe, and I do believe, that CARRILLO committed Assault on a Federal Officer in violation of 18 U.S.C. § 111(a)(1) and (b).

3.  The facts set forth in this affidavit are based on my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, interviews of witnesses, my review of records related to this investigation, communication with others who have knowledge of the events and circumstances described herein, and information gained through my training and experience. Because this affidavit is submitted for the limited purpose of establishing probable cause in support of the application for a complaint and an arrest warrant, it does not set forth each fact that I or others have learned during this investigation

**Affidavit of Julie Peay**  **Page 1**

## Applicable Law

4.      Title 18 U.S.C. § 111(a)(1) makes it an offense to forcibly assault, resist, oppose, impede, intimidate, or interfere with any person designated in 18 U.S.C. § 1114 while engaged in or on account of the performance of official duties. Persons designated in § 1114 include any officer or employee of the United States or of any agency in any branch of the United States government while such officer or employee is engaged in or on account of the performance of official duties, and any person assisting such an officer or employee in the performance of official duties. Under § 111(a), simple assault is a misdemeanor, but where the assaultive acts involve physical contact with the victim, the offense is a felony punishable by imprisonment up to 8 years. 18 U.S.C. § 111(b) provides an enhanced penalty of up to 20 years' imprisonment when, in the commission of any acts described in subsection (a), a dangerous or deadly weapon is used, or bodily injury is inflicted. The statute does not define "bodily injury" however 18 U.S.C. § 1365(h)(4) has been interpreted to define bodily injury to mean: (A) a cut, abrasion, or bruise, (B) physical pain, or (C) any other injury to the body, no matter how temporary. A weapon is a deadly or dangerous weapon if it is used in a way that can cause death or serious bodily injury.

## Statement of Probable Cause

5.      On the morning of November 11, 2025, federal Border Patrol agents were assisting Immigration and Customs Enforcement (ICE) Enforcement and Removal Operations (ERO) teams in Salem, Oregon. ERO Officers ran a records check on a silver Saturn sedan. The return identified a Guatemalan national who overstayed a H2B visa. ERO officers initiated a traffic stop on a silver Saturn sedan.  ICE officers and Border Patrol agents were wearing agency

issued police gear to include visible Immigration and Customs Enforcement (ICE) and Border Patrol badges respectively.  The law enforcement officers approached the vehicle, identified themselves to the driver, later identified as  CARRILLO and attempted to remove him from the vehicle when he did not comply with their commands.  Adult Witness 1 (AW1), an ICE Enforcement Removal Operations officer, was in the process of removing CARRILLO through the driver's side door of the vehicle when CARRILLO put the car in drive and fled the scene. AW1 still had his hands on CARRILLO when the car began moving.

6.      Adult Victims 2 and 3 (AV2) and (AV3) who are both Border Patrol Agents and federal law enforcement officers pursued CARRILLO in their government vehicle. AV2 was driving the vehicle and AV3 was the passenger who began recording the encounter on his government issued cell phone.[1]  Both AV2 and AV3 describe an occasion during the pursuit, where CARRILLO intentionally collided with AV2's vehicle when AV2 pulled up to the driver's side of CARRILLO`s vehicle. Agents observed CARRILLO run multiple red lights during the pursuit and agents were unsuccessful in their attempts to initiate another traffic stop. AV3 reported that CARRILLO intentionally struck the law enforcement vehicle driven by AV2 multiple times during the pursuit, with one collision being violent enough to cause CARRILLO's side curtain airbag to deploy. The pursuit lasted more than ten minutes.


7.      Eventually CARRILLO lost control of his vehicle and collided with a concrete curb, rendering his vehicle immobile. AV2 exited his vehicle and gave verbal commands to CARRILLO instructing him to get on the ground. CARRILLO turned towards AV2 with his

---

[1] The video obtained by AV3 is limited to a view through the top of the windshield during the pursuit, showing passing trees, traffic signals and the red and blue lights engaged by AV2.

hands clenched and assumed a fighting stance. AV2 drew his Taser and warned CARRILLO he would be tased if he did not comply. After multiple warnings, AV2 deployed his Taser but the probes bounced off CARRILLO`s clothing and were ineffective. CARRILLO then turned away from AV2 and attempted to abscond.  AV2 and AV3 ran after CARRILLO for approximately thirty yards before AV2 was able to take CARRILLO to the ground. CARRILLO continued resisting and refused instructions to give up his hands.

 

*Damage to the wheel well of the law enforcement vehicle. (above)*



*Deployed air-bag and damage to side-mirror of Carrillo's vehicle.*

8.      Due to the rapid evolution of the situation, CARRILLO was inadvertently secured with two pairs of handcuffs. AV3 reported that while agents were removing one pair, CARRILLO attempted to grab a Border Patrol agent's duty weapon and continued to actively resist.

9.      I know that a motor vehicle can be used as a dangerous weapon and is capable of inflicting serious bodily injury or death.

### Conclusion

10.      Based on the foregoing, I have probable cause to believe, and I do believe, that ALVARO CARRILLO committed Assault on a Federal Officer in violation of 18 U.S.C. § 111(a)(1) and (b).  I therefore request that the Court issue a criminal complaint and arrest warrant for ALVARO CARRILLO.

11.      Prior to being submitted to the Court, this affidavit, the accompanying complaint and the arrest warrant were all reviewed by Assistant United States Attorney (AUSA) Pamela Paaso, and AUSA Paaso advised me that in her opinion the affidavit and complaint are legally and factually sufficient to establish probable cause to support the issuance of the requested criminal complaint and arrest warrant.

### Request for Sealing

12.      It is respectfully requested that the Court issue an order sealing, until further order of the Court, all papers submitted in support of the requested criminal complaint and arrest warrant.  I believe that sealing these documents is necessary because the information to be seized is relevant to an ongoing investigation, and any disclosure of the information at this time may cause destruction of or tampering with evidence, cause intimidation of potential witnesses, or

otherwise seriously jeopardize an investigation.  Premature disclosure of the affidavit, the

criminal complaint, and the arrest warrant may adversely affect the integrity of the investigation.

*By phone pursuant to Fed. R. Crim. P. 4.1*
JULIE PEAY
SA, Homeland Security Investigations

Sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at

_____5:51 pm_____ a.m./p.m. on ___November___, 20_25_ .

_____
HONORABLE YOULEE YIM YOU
United States Magistrate Judge